UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS BEAMAN, SR.,

                         Plaintiff,

                         Case # 18-CV-6341-FPG

v.

                         DECISION AND ORDER

HON. RENEE F. MINARIK, et al.,

                         Defendants.

## INTRODUCTION

On May 7, 2018, *pro se* Plaintiff Thomas Beaman, Sr. filed a Complaint against Defendant Judges Renee F. Minarik, Graig Dorna,[1] Ann Taddeo, and Matthew Rosenbaum, an *in forma pauperis* motion, and a motion to appoint counsel. ECF Nos. 1-3.

The Court finds that Plaintiff meets the statutory requirements to proceed as a poor person pursuant to 28 U.S.C. § 1915(a), and therefore his *in forma pauperis* motion is GRANTED. The Court also screened Plaintiff's Complaint under the 28 U.S.C. §1915(e) criteria. For the reasons that follow, Plaintiff's Complaint is DISMISSED WITH PREJUDICE and his counsel motion (ECF No. 3) is DENIED AS MOOT.

## DISCUSSION

### I.    Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious;

---

[1] The Court believes that Plaintiff likely intended to sue New York State Supreme Court Judge Craig J. Doran.

(2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A court must liberally construe *pro se* pleadings, "particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), but *pro se* pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8, *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation and quotation marks omitted).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II. Plaintiff's Complaint

Plaintiff sues four New York State Court judges in what he styles as a civil rights, conspiracy, and discrimination case. ECF No. 1 at 1. He alleges only one claim for "ableism discrimination of person with disabilities working pro se." *Id.* at 3-4. Specifically, he asserts that on May 1 at 2:30, Judge Taddeo "discrimination person with disabilities working pro se, civil rights claims, violations Amendments 5th, 6th, 8th, and 14th, violations of civil liberties." *Id.* at 4. Plaintiff asks that the Court "prosecute to the full extent of the laws" and conduct a "grand jury investigation." *Id.* Plaintiff's form Complaint lacks additional clarifying information.

Plaintiff attaches roughly 80 pages to his Complaint, which the Court has considered in screening his submission. *See Chance v. Armstrong*, 143 F.3d 698, 698 n.1 (2d Cir. 1998) (noting

2

that "the court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself"). These documents reveal that Plaintiff engaged in prior litigation in New York State Court. Specifically, on September 29, 2014, a default judgment was entered against him. ECF No. 1 at 14. On February 10, 2016, the State Court denied Plaintiff's motion to vacate that judgment. *Id.* On August 18, 2016, a damages inquest was held before Judge Minarik, who ordered entry of the judgment in the amount of $123,128.66. *Id.* On February 24, 2017, Judge Minarik signed an amended judgment reducing the amount to $120,606.86. *Id.* On April 3, 2017, Plaintiff moved to renew and reargue and on October 6, 2017, Judge Minarik denied that motion. *Id.*

On November 28, 2017, Plaintiff again moved to renew and reargue. *Id.* When he moved for leave to proceed as a poor person on January 29, 2018, his case was reassigned to Judge Taddeo. *Id.* On February 26, 2018, Judge Taddeo found that the doctrine of *res judicata* barred Plaintiff from bringing his motion to renew and reargue. *Id.* Thereafter, Plaintiff moved for leave to amend his Answer. On April 13, 2018, Judge Taddeo's law clerk sent Plaintiff a letter indicating that his case remained closed based on Judge Taddeo's February 26, 2018 Order denying his motion to renew and reargue. *Id.* at 13.

Judge Taddeo's law clerk wrote Plaintiff another letter dated April 23, 2018, indicating that the State Court received his "Notice of Motion for a Franks Hearing" and "Notice of Motion for Contempt of Court Civil." *Id.* at 6. The letter indicates that his Notices of Motion were scheduled before Judge Taddeo on May 1, 2018 at 2:30 p.m. "on submission, no appearances required." *Id.*

## III. Analysis

Judges are absolutely immune from suit for actions taken within the scope of their judicial responsibilities. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9 (1991). Allegations that the judge acted in bad faith or with malice does not pierce the protection of immunity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

The Supreme Court developed a two-part test for determining whether a judge is entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356-57 (citation omitted). Second, a judge is immune only for actions performed in his or her judicial capacity. *See, e.g., Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) (finding no immunity where judge assaulted litigant).

Here, Plaintiff has in no way alleged that any of the Defendant Judges "acted in the clear absence of all jurisdiction." Moreover, the attachments to his Complaint make clear that Plaintiff is displeased with actions that these individuals performed in their judicial capacities as New York State Court judges. Accordingly, Plaintiff's Complaint is dismissed with prejudice because these Defendants are entitled to absolute judicial immunity.

## CONCLUSION

Plaintiff's *in forma pauperis* motion (ECF No. 2) is GRANTED, however, his Complaint is DISMISSED WITH PREJUDICE and his motion to appoint counsel (ECF No. 3) is DENIED AS MOOT. The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person

4

is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Requests to proceed on appeal as a poor person should be directed on motion to the United States Court of Appeals for the Second Circuit, in accordance with Federal Rule of Appellate Procedure 24.

    IT IS SO ORDERED.

Dated: May 10, 2018
       Rochester, New York

                                                 _____
                                               HON. FRANK P. GERACI, JR.
                                               Chief Judge
                                               United States District Court